IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BEVERLY WALKER,

        Plaintiff,

v.                                                 Civil Action No. 2:16-cv-012501

C.R. BARD, INC., *ET AL.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On January 17, 2020, defendant C.R. Bard, Inc. ("Bard") filed a Motion to Dismiss for failure to comply with Rule 25(a) and PTO # 191. [ECF No. 12]. On February 2, 2020, plaintiff's counsel filed a Suggestion of Death stating that plaintiff had died on July 10, 2017. [ECF No. 15]. On May 1, 2020, plaintiff's counsel filed a Motion to Substitute. [ECF No. 20].

At the outset, the court **ORDERS** that the unserved defendant, Sofradim Production SAS, is dismissed from this action pursuant to plaintiff's statement that "her case against Sofradim can be dismissed." [ECF No. 11, p. 4].

Pursuant to Federal Rule of Civil Procedure 25(a) and Pretrial Order ("PTO") # 191 (Requirements for Counsel to Deceased Plaintiffs) filed in In re: Boston Scientific Corp. Pelvic Repair System Products Liab. Litig., 2:12-md-2326 [ECF No. 6406] the time to substitute a proper party for the deceased party has expired and there has been no timely motion to substitute the deceased party.

## I. Background

This action resides in one of seven MDLs originally assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This particular case involves Pennsylvania plaintiff, Beverly Walker, who was implanted at Lower Bucks Hospital in Bristol, Pennsylvania, with the Advantage Fit System and Avaulta, products manufactured by Boston Scientific Corporation ("BSC") and Bard, respectively. Short Form Compl. [ECF No. 1] ¶¶ 1–11.].

## II. Legal Standards

### a. Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). The above-mentioned 90-day clock does not begin to run until the decedent's successors or representatives are served with a statement noting death. *See Farris v. Lynchburg,* 769 F.2d 958, 962 (4th Cir. 1985). If the successor or representative is party to the action, service must be made on the party's attorney. Fed. R. Civ. P. 5(b)(1).

2

Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose. *See Robertson v. Wegmann,* 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction allows the action to survive a party's death). Traditionally, state statutes expressly state whether a claim survives a deceased party and to whom survivorship is allowed. *Id.* at 589. If a case includes multiple plaintiffs, the death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

### b. PTO # 191

In Pretrial Order ("PTO") # 191, the court required that "[f]or any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death." PTO # 191, p. 3, 2:12-md-2326 [ECF No. 6406]. In addition, the court directed that

> within the same 120-day period, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

*Id.* at 3–4.

3

While this burden is on plaintiff's counsel, defendants' counsel may also file a suggestion of death on the record. "The filing of the suggestion of death by defendant's counsel places plaintiff's counsel on notice of his or her client's death, and therefore commences the 120-day period within which plaintiff's counsel must serve the suggestion of death on the appropriate nonparties." *Id.* at 4.

### III. Analysis

The Suggestion of Death filed by plaintiff's counsel asserts that plaintiff died on July 10, 2017. [ECF No. 15]. Over a year after plaintiff's death—and long before any effort was made to comply with Rule 25—plaintiff's counsel filed a stipulation of settlement with BSC on August 31, 2018. [ECF No. 7]. BSC was dismissed from this case based on representations that BSC had received a settlement release from plaintiff. [ECF Nos. 8, 9].

Bard argues that plaintiff's counsel must have known that plaintiff was deceased as early as August 31, 2018, when plaintiff's counsel entered the stipulation of settlement with BSC. Bard further argues that this knowledge would have triggered plaintiff's counsel's obligations under Rule 25 and PTO # 191 to file a Suggestion of Death within 120 days and then to file a Motion to Substitute within 90 days of the Suggestion of Death. Plaintiff's counsel offers that at the time the Stipulation of Settlement was filed by her, only her co-counsel[1] knew that plaintiff had died, and therefore, the time limits imposed by Rule 25 and PTO # 191 had not yet commenced. Bard notes in its reply that knowledge of the death by one co-counsel imputes this knowledge to another co-counsel.

---

[1] The co-counsel to whom plaintiff's counsel refers has not noted an appearance on the record.

4

Bard is correct. It is plaintiff's counsel's responsibility to communicate with her co-counsel. The dismissal of BSC [ECF No. 9] was based on the representation that plaintiff, who had been dead for over a year, consented to the settlement agreement. Because plaintiff clearly could not have consented to any settlement at this time, the court **ORDERS** that this dismissal is **VACATED** and BSC returned to the active docket.

Now, accepting that plaintiff's counsel knew the plaintiff had died by August 31, 2018, at the latest, I turn to whether plaintiff's counsel has complied with Rule 25 and PTO # 191. The 120-day period within which plaintiff's counsel was required to file a suggestion of death on the record expired on December 29, 2018. The 90-day period within which plaintiff's counsel was required to file a Motion to Substitute expired on March 29, 2019. Plaintiff's counsel did not file a Suggestion of Death until February 3, 2020, and did not file a Motion to Substitute until May 1, 2020.

Timely compliance with Rule 25(a)(1) provides the sole procedural device allowing decedent's successor or representative to step into Ms. Walker's shoes and pursue litigation on her behalf. *See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative."). No non-party successor or representative has complied with the substitution requirements of Rule 25(a)(1) within the time requirements as set forth in Rule 25(a) and PTO # 191. Accordingly, the court **ORDERS** that the claims of Beverly Walker against BSC and Bard are **DISMISSED without prejudice**.

## IV. Conclusion

In summary, it is **ORDERED** that the defendant Sofradim Production, SAS is **DISMISSED** from this action. It is further **ORDERD** that the Order dismissing BSC pursuant to PTO Number 186 [ECF No. 9] is **VACATED**. Finally, it is **ORDERED** that the claims of the plaintiff Beverly Walker against the remaining defendants, BSC and Bard, are **DISMISSED** without prejudice pursuant to Rule 25(a)(1) and PTO # 191, and this case is dismissed and stricken from the docket. Any remaining pending motions are **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record any unrepresented party.

ENTER: November 24, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE